Haight, J.
This action was brought to recover the possession of personal property. The property had been *215 replevied and the possession thereof was delivered to the plaintiff. The referee has found as facts that on the ninth day of May, 1882, the defendant Smith was the owner and in possession of the property in controversy, and that on that day he entered into an agreement with one William Albro to sell the property to him for the sum of $700 and the amount then remaining due and unpaid upon certain moneys before then loaned by Albro to the defendants as copartners, the defendant Swan having at the time of said agreement sold his interest in the firm to the defendant Smith. The defendants executed and delivered to Albro a bill of sale of the property in controversy, and Albro thereupon signed a note for the sum of $700, payable to Smith, in accordance with the terms of the agreement; that Albro was permitted to take the bill of sale and the key of the market, upon the further agreement, stated orally by Albro and assented to by Smith, that the title of the property should remain in Smith, and he should have the possession of it until he should be secured or paid therefor by Albro; the 22d day of May thereafter Albro made and delivered to the plaintiff a transfer of his title to the property described in the bill of sale, in consideration for a promissory note then amounting to $595, which had, about ten years before, been delivered by Albro to Matteson Keenoy, the plaintiff’s father; that on the 24th day of May thereafter this action was commenced, and the sheriff of the county of Wyoming replevied and afterwards delivered to the plaintiff the property in question. The referee further found as facts that the defendant Swan was the owner of one barrel of pork so replevied by the plaintiff, and that the value thereof was twenty-four dollars; that the defendant Swan had no other interest in the property. He further found that the amount owing to the defendant Smith was the sum of $642.50; that he continued to be the owner and entitled to the possession of the property until that sum was paid or secured; that the value of the chattels exceeded the amount of the special property of the defendant Smith therein, and that the reason why the value of the chattels other than the barrel of pork owned by Swan, was not fixed, was that such value was greater than the special property of the defendant therein. And, as conclusions of law, he ordered judgment for the defendants.
The main question in controversy arises out of the finding, that it was agreed that the title of the property should remain in the defendant Smith, and that he should have the possession of it until he should be secured or paid therefor. Upon this question the evidence is conflicting. We have carefully read it, and have reached the conclusion that *216 the finding of the referee in this regard should be sustained for the reason stated by him in his opinion.
It is contended, in the second place, that it was error for the referee to determine the case upon the theory that the defendant Smith was entitled to the possession of the property by virtue of a hen thereon, as no such issue was tendered; but we do not understand the referee to have determined the case upon any such theory. It is true the word “lien” was once inadvertently used by him in his ■opinion, but, if we cqrrectly understand him, his findings -of facts and conclusions of law are not based upon any such theory; on the contrary, he found that the defendant Smith was the owner, and entitled to the possession until his claim v/as paid or secured; that he had a special property in the chattels in controversy.
It is further contended that the referee erred in refusing to fix the value of the property replevied and in directing judgment for the amount of the defendant’s interest in the property. The referee found, as we have seen, that the .amount of Smith’s claim was $642.50. He awarded judgment to him- for that amount, to be paid by the plaintiff, and, if not paid or collected, then that the chattels be delivered to the defendant Smith, and that he recover of the plaintiff the further sum of -$80.95 damages for the taking .and detention of the chattels, being the interest on the sum of $642.50 from the time of the taking of the property to the date of the report. It appears to us that the referee -correctly construed the Oode and literally followed it in awarding judgment.
Section 1727 of the Oode provides: “A verdict, report, or decision in favor of the defendant shall not fix the value of the chattel in either of the following cases: Where the plaintiff is the general owner of the chattel, but the defendant had a special property therein, and the value of the chattel is greater than the value of the special property or the sum charged upon the chattel by reason thereof, in which case the'value of the special property, or the sum so ■charged must be fixed. In either of the cases specified in this section the verdict, report or decision must set forth the reason why the value of the chattel is not fixed.”
The facts as found by the referee bring the plaintiff and the defendant Smith squarely within the provisions of this section. The referee has found the value of the special property of the defendant Smith, and has stated the reasons why he did not fix the value of the chattels.
Section 1730 of the Oode provides for the form of judgment that shall be entered in favor of the successful party, and, among other things, provides as follows: “But if the case is one of those specified in section 1727 of this act, final *217 judgment in favor of the defendant must award to him the sum fixed as therein specified, and, if it is not collected, the delivery of the chattel.”
So far as the defendant Smith is concerned, his claim was one specified in section 1727. The judgment awards to him the sum fixed as the value of his special property, and orders that if it is not paid or collected, then it is adjudged that the chattels be delivered to Smith. This form of judgment is in strict compliance with the provisions of the Code, and is correct.
As to the defendant Swan the form of judgment is different. As we have seen, he was found to be the absolute owner of one barrel of pork, and that its value was twenty-four dollars. His claim was not one specified in section 1727 of the Code, and consequently the judgment in his case properly awarded to him the possession of the pork, and if possession is not delivered, then that he have judgment for the twenty-four dollars, being the value thereof as fixed by the referee, etc.
It is also contended on the part of the appellant that it was error to admit evidence of the paroi agreement that the title to the property should remain in Smith, and that he should have possession of it until he should be secured or paid therefor. Numerous authorities are cited by the respective counsel, bearing upon this question. The defendant’s evidence, however, clearly distinguishes this case from those relied upon by the appellant. It is to the effect that after the defendants had signed the bill of sale, Albro signed the note, and that Smith then asked him who was to sign the note with him; that Albro replied that he guessed Swan was ; Swan then replied that he did not want to sign the note for $700 with him ; Smith then told Albro that he would have to get some one to go security on the note ; that Albro then started to go out, taking the bill of sale and key with him; that Smith then replied that he would not take his note for the property, and that he could not have the bill of sale unless he secured him ; that thereupon Albro said he didn’t want it; he said, “the property is yours and you can keep it here until I secure you or pay you for it.”
It will be observed that this conversation took place after the bill of sale and the note had been signed and after the bill of sale had been taken possession of by Albro. It appears to us that this evidence was clearly competent within all of the authorities.
_ The evidence of the witness Albro, upon cross-examinatian as to the value of the property, we think was compeas the *218 sale to Keeney. No question has been raised but that the property at the time of the trial exceeded in value the claim of the defendant Smith, so that upon the question of the fixing of the value of the property, it did no harm.
The judgment should be .affirmed. So ordered.
Smith, P. J., and Bradley, J., concur.